UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

In re:

DONATO WALTER CASALE,   Case No. 13-23240-PGH
                        Chapter 11
    Debtor.
_____/

**MOTION TO IMPOSE A BUDGET ON USE, SALE, OR LEASE OF
PROPERTY OF THE ESTATE AND TO FIX DEADLINE TO FILE A PLAN**

PNC Bank, N.A., as successor in interest to RBC Bank (USA) ("Lender"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 363, 503, 541, 1106, 1107, 1108, 1115, and 1129, hereby files this Motion to Impose a Budget on the Use, Sale, or Lease of Property of the Estate and to Fix Deadline to File a Plan (the "Motion").  In support, Lender states as follows:

**Background**

1. On June 3, 2013, the Debtor filed his voluntary petition for Chapter 11 (the "Petition Date").

2. To date, no trustee or examiner has been appointed and no committee of unsecured creditors has been formed.

3. The Debtor is continuing in possession of his property and a debtor-in-possession pursuant to §§ 1107 and 1108.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.

5. The Debtor has yet to file any Schedules or his Statement of Financial Affairs.

2043529 v1

**Memorandum of Law**

I.    **Use, Sale, or Lease of Property of the Estate**

"There is scant authority regarding how individual chapter 11 debtors may pay expenses post-BAPCPA." *In re Villalobos*, 2011 WL 4485793, *8 (B.A.P. 9th Cir. Aug. 19, 2011). "Prior to BAPCPA, individual chapter 11 debtors were generally permitted to pay expenses from their postpetition income, which was not property of the estate." *Id.*

"However, with BAPCPA's addition of § 1115, individual chapter 11 debtors no longer have the option to pay expenses with postpetition income because virtually all property, including postpetition income from personal services, is property of the estate." *Id.* "Instead, individual chapter 11 debtors must now seek payment of personal expenses from estate property, which may create problems considering the resulting diminution in estate assets and the fact that personal expenses do not always neatly fall within the scope of 'actual, necessary' expenses under § 503(b)(1) or ordinary course of business expenses under § 363." *Id.*

Some authorities contend that § 1129(a)(15) should guide the approval of personal expenses, even without direct statutory authority for that proposition. *See id.* On the other hand, some authorities require compliance with pre-BAPCPA case law and express statutory authority whereby an individual debtor in chapter 11 cannot utilize estate property for any purpose that does not directly benefit the estate as an administrative expense. *See id. See also In re Vincent*, 4 B.R. 21, 23 (Bankr. M.D. Tenn. 1979) ("The estate has no duty under any section to provide for the necessary living expenses of the debtor."); *In re Walter*, 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988) ("The bankruptcy court properly relied on case law whereby courts had held that personal living expenses for debtors and their families, as well as attorney's fees which benefitted the

debtor as an individual, but not the bankruptcy estate, could not be paid out of monies or assets of the estate.").

Regardless of which standard is applicable, the Debtor in the instant case should not use, sell, or lease any property of his estate without notice and a hearing as to a budget. At a minimum, the Debtor has fiduciary duties pursuant to § 1107(a), § 1106(a)(1), and § 704(a) to preserve the value of the estate for creditors and should be prohibited from dissipating estate assets without approval of the court and opportunity for creditors to object. *See also Commodity Futures Trading Commission v. Weintraub,* 471 U.S. 343 (1985) ("In a Chapter 11 case, the debtor in possession has a fiduciary duty to act not in its own best interest, but rather in the best interest of the entire estate, including secured and unsecured creditors."); *In re Harp*, 166 B.R. 740, 747 (Bankr. N.D. Ala. 1993) ("It is not easy for a debtor-in-possession, corporate or individual, to serve two masters—juggling the personal needs and desires of the debtor itself, with its clear fiduciary responsibilities to unsecured creditors, other parties in interest and the court.").

**II.     Deadline for Filing Plan**

"Chapter 11 is designed primarily for businesses, but an individual whose income is primarily wages may be a Chapter 11 debtor as well." *Id.* at 750 (internal citation and quotations omitted). "This does not mean that a chapter 11 wage earner case will be handled in the same way as a large corporate case." *Id.*

"Typically, *the wage earner will not need 120 days to file a plan* and it is this court's practice to require that the plan be filed more quickly." *Id.* (emphasis in original). "There is no good reason why most consumer chapter 11 cases should not be put on a fast track." *Id.* "After

*all, chapter 13 debtors must file their plans with the petition or within 15 days thereafter.*" *Id.* (emphasis in original).

It is not just an individual debtor's general fiduciary duties that mandate the swift filing of a plan. Section 1107(a) specifically requires debtors-in-possession to perform certain duties of trustees under § 1106(a), including the duty to, "as soon as practicable, file a plan under section 1121 of this title, file a report of why the trustee will not file a plan, or recommend conversion of the case . . . or dismissal of the case." 11 U.S.C. § 1106(a)(5). Accordingly, consistent with a debtor-in-possession's duties under § 1106(a)(5), this Court should compel the Debtor to file a confirmable plan as soon as practicable, but not to exceed sixty days.

WHEREFORE, pursuant to 11 U.S.C. §§ 363, 503, 541, 1106, 1107, 1108, 1115, and 1129, Lender respectfully requests that this Court order the Debtor to propose a reasonable budget prior to the dissipation of any estate asset, compel the Debtor to file a confirmable plan as soon as practicable but not to exceed sixty (60) days, and grant such other relief as is just and proper.

Dated this 14th day of June, 2013.

        Respectfully submitted,

        */s/ Michael A. Nardella*
        Denise D. Dell-Powell, Esquire
        Florida Bar Number: 0890472
        Michael A. Nardella, Esquire
        Florida Bar Number: 51265
        **BURR & FORMAN LLP**
        200 S. Orange Avenue, Suite 800
        Orlando, Florida  32801
        Phone:  (407) 540-6600
        Fax: (407) 540-6601
        E-mail: ddpowell@burr.com
        E-mail: mnardella@burr.com

        **ATTORNEYS FOR**
        **PNC BANK, NATIONAL ASSOCIATION**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on June 14, 2013 by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and/or U.S. Mail, postage prepaid, to the following: Debtor: Donato W. Casale, 3000 NW 29th Road, Boca Raton, F 33431; Debtor's Counsel: Brett A. Elam, Esq., 105 S. Narcissus Avenue, #802, West Palm Beach, FL 33401; and Office of the U.S. Trustee, 51 S.W. 1st Avenue, Suite 1204, Miami, FL 33130.

        */s/ Michael A. Nardella*_____
        Michael A. Nardella, Esquire