UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:  13-23240-BKC-PGH
IN RE:                                                          Chapter 11 Proceeding

CASALE, DONATO WALTER,

    Debtors.

                               /

## APPLICATION BY DEBTOR FOR EMPLOYMENT OF ATTORNEY

DONATO WALTER CASALE (the "Debtor"), respectfully request the entry an order of the court authorizing the employment of Brett A. Elam and The Law Offices of Brett A. Elam. P.A. to represent the Debtor in this case and states:

1.    On June 3, 2013, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2.    The Debtor desires to employ Brett A. Elam and The Law Offices of Brett A. Elam. P.A. ("Firm") as its attorneys in this case.

3.    Mr. Elam and Firm are qualified to practice in the Bankruptcy Court and the Debtor believes that they are qualified to advise the Debtor on his relations with, and responsibilities to, the creditors and other interested parties.

4.    The professional services that Mr. Elam and Firm will render are summarized as follows:

    a.    To give advice to the Debtor with respect to his powers and duties as debtors-in-possession and the continued management of his business operations;

    b.    To advise the Debtor with respect to his responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the court;

    c.    To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

      d.     To protect the interest of the Debtor in all matters pending before the court;

      e.     To represent the Debtor in negotiation with his creditors in the preparation of a plan of reorganization.

5.     The Debtor acknowledges that the Firm represents Casale Marble Imports, Inc., in a current Chapter 11 bankruptcy. The Debtor is the president and sole shareholder of this entity. Despite the Firm's representation of this entity, the Debtor is in the belief that the Firm is capable of representing his best interests. Other than this representation, to the best of the Debtor's knowledge, neither the attorney nor the law firm has any other connection with the creditors or other parties in interest or their respective attorneys. Neither Brett A. Elam nor The Law Offices of Brett A. Elam, P.A. represent any interest adverse to the Debtor, but for the potential adverse representation above.

6.     Given the need for the foregoing professional services, it is necessary and appropriate for Debtor to employ Counsel and Counsel has agreed to perform such services for the following compensation: hourly billing from $225 to $325 an hour. The Debtor has paid Counsel a pre-petition retainer of $10,000, which was billed against for all pre-petition legal services. At this time, Counsel is holding $0.00 in trust as a retainer. This fee reflects Counsel's standard rate charged to all clients for a Chapter 11 filing.

7.     In accordance with applicable provisions of the Bankruptcy Code and subject to the approval of this court, Debtor proposes to pay Counsel the aforementioned compensation and reimburse the same for expenses incurred in this case per customary policies.

8.     As set forth in Counsel's Affidavit of Proposed Attorney for the Debtor, but for the issues disclosed in the Affidavit, Counsel does not represent any interest adverse to Debtor, its estate or its creditors to the best of undersigned counsel's knowledge.

9.     Attached to this application is the declaration of Brett A. Elam demonstrating that Brett A. Elam and The Law Offices of Brett A. Elam, P.A. are disinterested as required by 11 U.S.C. § 327(a) and a verified statement as required under Bankruptcy Rule 2014. *See* **Exhibit "A."**

WHEREFORE, the Debtor respectfully requests an order authorizing retention of Brett A. Elam and The Law Offices of Brett A. Elam, P.A., on a general retainer pursuant to 11 U.S.C. §§ 327 and 330.

Dated __12__ day of June 2013.

By: _____

DONATO WALTER CASALE, individually

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 13-23240-BKC-PGH
Chapter 11 Proceeding

IN RE:

CASALE, DONATO WALTER,

    Debtors.

_____/

## DECLARATION OF BRETT A. ELAM IN SUPPORT OF APPLICATION TO RETAIN BRETT A. ELAM AND THE LAW OFFICES OF BRETT A. ELAM, P.A.

1.     I am Brett A. Elam. I am an attorney and member of The Law Offices of Brett A. Elam, P.A. ("BE"). BE maintains its office at 105 S. Narcissus Avenue, Suite 802, West Palm Beach, FL 33401. I am familiar with the matters set forth herein and make this declaration in support of the Debtor's application to retain BE (the "Application").

2.     I am admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

3.     I have reviewed the list of all of the creditors of the Debtor provided to us by the Debtor, as well as well as performed a search of the Florida Secured Transaction Registry for any UCC filings filed against the Debtor.

4.     At this time, BE represents the Debtor's corporation, Casale Marble Imports, Inc., in a pending Chapter 11 bankruptcy. Despite this representation, I, as well as BE, are under the belief that we are still a disinterested party, and will be able to properly represent the Debtor. Based upon such review stated above, other than the representation disclosed, neither I nor BE represent any other entity in a matter that would constitute a conflict of interest or impair the disinterestedness of BE.

5.     Further, to the best of my knowledge after inquiry, neither I nor BE have any connections with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

6.      Except for the continuing representation of the Debtor, neither I nor BE have or will represent any other entity in connection with this case and neither I nor BE will accept any fee from any other party or parties in this case, except the debtor-in-possession, unless otherwise authorized by the Court.

7.      In the one year prior to filing this Chapter 11 Case, BE received a security retainer totaling $10,000.00, from Design Center at 45th, LLC, in connection with this case. Prior to the Petition Date, BE applied $7,500.00 toward pre-petition fees and costs, leaving $2,500.00 as a security retainer for post-petition services.

8.      Other than the continuing representation of Casale Marble Imports, Inc., BE neither holds nor represents any interests adverse to the Debtors and is a "disinterested person" within the scope of Section 101(14) of the Bankruptcy Code.

9.      The professional fees and costs incurred by BE in the course of its representation of the Debtors in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Bankruptcy Rules 2014 and 2016.

10.     The current hourly rates for the attorneys at BE range from $200 to $325. The current hourly rates for legal assistants and paralegals range from $90 to $125. BE may adjust its rates from time to time.

11.     There is no agreement of any nature, other than amongst members of the firm, as to the sharing of compensation to be paid to the firm. No promises have been received by BE or any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

12.     No attorney in BE is or has served as an officer, director or employee of the Debtors within 2 years of the Petition Date.

13.     No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

14.     No attorney in our firm is a general or limited partner of a partnership in which the Debtors is also a general or limited partner.

15.     No attorney in our firm is or has served as an officer, director or employee or financial advisor engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within 2 years of the Petition Date.

16. No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within 3 years before filing the petition.

17. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

18. This concludes my declaration.

### 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2013.

/s/ Brett A. Elam
Brett A. Elam